UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Thomas Martino, <br><br> Plaintiff, <br> v. <br><br> Time Warner Cable, Inc.; and DOES 1-10, inclusive, <br><br> Defendant. | Civil Action No.: 2:14-cv-1249 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Thomas Martino, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Thomas Martino ("Plaintiff"), is an adult individual residing in Mount Pleasant, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Time Warner Cable, Inc. ("TWC"), is a New York business entity with an address of 60 Columbus Circle, New York, New York 10023, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by TWC and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. TWC at all times acted by and through one or more of the Agents.

**FACTS**

7. Within the last year, TWC began placing calls to Plaintiff's cellular telephone, number 262-xxx-5125, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

8. TWC placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls, he was met with a prerecorded message informing Plaintiff that there were changes made to his account.

10. Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it.

11. Plaintiff spoke with a live representative in late July 2014, whom he advised that he was experiencing financial difficulties and could in no way afford to pay the Debt at that time. Plaintiff further advised that he would repay the Debt as soon as his financial condition improved and requested that all calls to him cease.

12. Despite being advised that Plaintiff was unable to pay the Debt and requested to stop the calls, TWC continued to place automated calls to Plaintiff.

13. The calls caused Plaintiff a great deal of frustration and intruded on his right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. Defendant continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 7, 2014

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq.. #15052-49
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff